Hillsborough, }
Dec. 2, 1913. }

## THOMAS M. BRODERICK *v.* ALBERT H. HUNT & a.

The fact that the members of a board of aldermen were equally divided in their votes upon an election contest does not deprive the court of jurisdiction to entertain a petition for the correction of errors alleged to have been committed upon the trial.

Upon the trial of an election contest, the superior court has no power to review the action of aldermen in deciding questions of fact within their jurisdiction; and it is incumbent upon the plaintiff in such proceeding to establish that his exclusion from office is due to a correctible error of law on the part of the inferior tribunal.

In the trial of a contested municipal election, the aldermen constitute a court whose decisions upon questions of fact are final, but whose conclusions of law are subject to review; and upon request seasonably made, it is their duty to specifically pass upon material issues of law presented and to so far detail the grounds upon which their decision rests that it can be ascertained whether the conclusion reached was based upon reversible error.

PETITION, for correction of errors alleged to have been committed by the board of aldermen of Nashua in hearing and deciding the

plaintiff's petition to be declared the duly elected alderman from Ward 5, in place of Joseph H. Crompton, the sitting member. Transferred from the January term, 1913, of the superior court by *Chamberlin*, J.

The petition to the aldermen was referred to a committee of three, two of whom reported that each contestant had eighty-four votes on the first ballot and that twenty-eight ballots were defective, and recommended that the petition be dismissed. The minority reported that one of the twenty-eight ballots was marked for the plaintiff with a cross made with ink, that the majority rejected it for this reason, that it should be counted for the plaintiff, and that he should be declared elected. The board voted four to four on each report, and the mayor declared the matter disposed of.

At the hearing in the superior court, the presiding justice found that there were eighty-four undisputed votes for each contestant, the ink-marked ballot for the plaintiff, three so marked for both candidates that the intent of the voters could not be ascertained, and twenty-four blank. He further found that there were eighty-five votes for the plaintiff and eighty-four for Crompton.

*Doyle & Lucier* (*Mr. Lucier* orally), for the plaintiff.

*Henry A. Burque* and *William H. Barry* (*Mr. Burque* orally), for the defendants.

PEASLEE, J. The defendants' claim that the court has no jurisdiction because the board has not acted cannot be sustained. Half of the board have refused to seat the plaintiff. This action is as effective a denial of his alleged right as a unanimous vote of the board would be. The question presented here is whether the action taken is legal. More than this, if it is true that the board has not acted when as matter of law it must act, an order to that effect can be made. Relief either by way of declaring the plaintiff elected or compelling the board to act upon the subject could be granted. *Sheehan* v. *Mayor and Aldermen*, 74 N. H. 445. The form of this proceeding is unimportant. *Dinsmore* v. *Mayor and Aldermen*, 76 N. H. 187.

The complaint is that the action, or failure to act, on the part of the board of aldermen has deprived the plaintiff of a seat in the board to which he is legally entitled. In order for the plaintiff to prevail here it must appear that in the course pursued by the board

there is legal error, as distinguished from an erroneous finding of
fact. The contest having been referred to a committee of the board,
a majority of the committee reported in favor of the defendant
Crompton, and a minority in favor of the plaintiff. By votes
of four to four, the board refused to adopt each of the reports. This
course resulted in a refusal to seat the plaintiff, and the question in
this proceeding is whether, on the facts before the board, any con-
clusion but one favorable to the plaintiff could be reached. If
there could not, he is entitled to such an order as will establish his
right to a seat in the board.

At the hearing in the superior court, the presiding justice found
that there were eighty-four undisputed ballots for each candidate,
one for the plaintiff marked with a cross made with ink, and three
so marked for both candidates that the intention of the voter could
not be ascertained. The ballots were made a part of the case, and
it was transferred without ruling. The contention now made is
on one of the three ballots which the superior court found to be so
marked that the intent could not be ascertained. An inspection
of the ballot shows a faint and almost wholly erased cross opposite
the plaintiff's name and a heavy cross opposite Crompton's. There
is enough in the appearance of this ballot to warrant a finding that
it was intended for Crompton. If the finding of the presiding
justice, that the ballot did not convince his mind that the wish of
the voter was expressed, was warranted, a different conclusion
would not have been erroneous as matter of law. The question
to be decided was one of fact. And the important thing about it
here is not how the superior court would or did decide it, but how
it was decided by the board of aldermen. The question being one
of fact within the jurisdiction of the board of aldermen, the superior
court has no power to review their action on it. *Sheehan* v
*Mayor and Aldermen,* 74 N. H. 445. How the aldermen viewed this
question is not disclosed by the records of the board nor by the case.
If four of them thought this ballot should be counted for Crompton,
there was no error correctible by this court in their conclusion that
the plaintiff was not elected. If a majority of the board thought
the ballot should not be counted, it would follow that the plaintiff
was elected, and a refusal to seat him would be an error of law and
subject to review.

The plaintiff's contentions that Crompton is now estopped to
claim the ballot in question because of what occurred before the
board (*Dinsmore* v. *Mayor and Aldermen,* 76 N. H. 187) cannot

prevail. So far as appears, there was no agreement or concession of any kind when the hearings were had.

As the case now stands, the failure to seat the plaintiff may have resulted either from a correctible error of law, or from a justifiable finding of fact. It was incumbent on the plaintiff to establish the first proposition, and he is not entitled to relief until he has done so. *Dinsmore* v. *Mayor and Aldermen*, 76 N. H. 187, 189. He is, however, entitled to know upon what ground the seat was denied him by the board, to the end that his rights may be preserved if the conclusions of the board were based upon an error of law. This information should be obtained upon appropriate proceedings in the board of aldermen. In trying this election contest, the aldermen sit as a court and are bound to comply with the request of interested parties to so far detail the grounds upon which their decision rests that it can be ascertained whether the conclusion reached is based upon reversible error. What action should be taken by the court, in the event of a refusal of the board to specify the grounds upon which they acted, is a question not now presented. It is not to be assumed that they will fail to perform their judicial duty. On the contrary, it must be assumed that they will act lawfully.

"Though not in the ordinary sense a court, the members of the common council are required in controversies of this character to judicially determine which contestant is entitled to the office. 'When so acting, they are not emancipated from the ordinary principles upon which justice is administered.'" *Rollins* v. *Connor*, 74 N. H. 456. The substance of the whole matter is that the board constitutes a court whose decisions upon questions of fact are final, but whose conclusions of law are subject to review. This being so, their procedure, like that of all courts, must be such as justice and convenience require. One of these requirements is that the proceedings and the record thereof should be in such form that the questions of law passed upon, and their materiality to the final issue before the board, can be readily and accurately ascertained. In those cases where there is no request for such detailed action and extended record, there will ordinarily be no occasion for it. A general verdict or order will suffice. But where there is a contest, and the parties seasonably request rulings and findings upon specific questions, it becomes the duty of the tribunal to take action accordingly.

"The plaintiff, on asking for a ruling which is correct in law and

is applicable to the case to be tried, has a right to know whether in deciding that case against him the judge did or did not act under the rule of law stated in the ruling asked for." *Jaquith* v. *Davenport*, 191 Mass. 415. "The purpose to be subserved by propositions of law is to determine whether the trial judge entertains correct views of the principle of law involved in the proceeding. In some instances it is only through the medium of such propositions that the record can be made to show the views of the court as to the principles of law applicable to the facts in the case." *Chicago etc. Co.* v. *Chicago*, 202 Ill. 576. While the language above quoted was used in reference to the action of ordinary courts of law, yet it is applicable here. In each of these cases, as in the case at bar, the findings of the lower tribunal were conclusive on the facts, while its rulings on the law were subject to review.

Under the practice in this state, the inquiry upon *certiorari* is not confined to the record in the court below. *Dinsmore* v. *Mayor and Aldermen*, 76 N. H. 187. If the record is defective, the deficiency may be supplied by other evidence. The record is of consequence only to show what was done. The substance of the complaint is not of the record, but of some act (recorded or unrecorded) upon which the judgment is based. It is, however, desirable that the record state the questions involved as fully as the circumstances will permit. Especially is this true when, as in this case, a failure to have detailed action taken and recorded results in depriving the complaining party of a full presentation to the superintending tribunal of the questions he desires to litigate. But much more is here involved than a mere question of keeping a full record. When the deficiency is not only in the record but also in the action taken, the lack is one which cannot be supplied by proof. A conclusion having been reached without any declaration of the steps taken in reaching it, it is now impossible to show, either by the record or with a complete history of the acts done, whether there is error in the course pursued. The power to create such a situation, against objection seasonably taken, is not included in a grant of jurisdiction to be final judges in election cases.

The question presented is one of proceeding according to well recognized precedents, limiting the power of certain judicial tribunals. The power of this board is to decide who was elected. But that power must be exercised judicially. A decision cannot be rendered without evidence, nor in disregard of settled rules of law. It seems too plain for argument that, upon request seasonably made,

it is the duty of such a tribunal to specifically pass upon the material issues of law presented. In no other way can justice be obtained with any reasonable degree of certainty.

It does not appear that such request was made in this case. Ordinarily, this would be treated as a waiver of the right to obtain a ruling. But in view of the rather indefinite practice which has obtained in trying these cases, it may be that justice requires that the plaintiff be given further opportunity to present his claims to the court in which the facts were tried. Whether the petition should be disposed of by further proceedings in the superior court, or be continued to await the result of further proceedings before the board of aldermen, is a matter to be disposed of by the superior court.

*Case discharged.*

All concurred.