Rockingham, ⎫
Jan. 2, 1952. ⎬   No. 4075.
⎭

### GEORGE A. GELINAS & a.

*v.*

### PORTSMOUTH.

*Waldron, Boynton & Waldron* (*Mr. Boynton* and *Mr. Jack E. Tracy* orally), for the plaintiffs.

*Arthur J. Reinhart,* for the city of Portsmouth, filed no brief.

*William F. Harrington, Jr.* (by brief and orally), for Francis K. Leith.

BLANDIN, J. The board of adjustment of the city of Portsmouth has granted a variance upon appeal to it from an adverse decision by the building inspector and the Superior Court has dismissed the appeal from the board's decision. The matter being properly before us (*Stone* v. *Cray*, 89 N. H. 483, 486, 487; *Sullivan* v. *Trust Company*, 89 N. H. 112) the basic question is whether the Court erred as a matter of law in so doing. We do not believe that it did for it seems to us that reasonable men upon the evidence here could have reached the same conclusion as did the Trial Court. *Fortuna* v. *Manchester*, 95 N. H. 211, 213. Chapter 278 of Laws 1949 materially changes the procedure on appeals from the zoning board. There is now no trial *de novo* by the court on such appeals. "Upon the hearing the burden of proof shall be upon the party seeking to set aside any order or decision of the board . . . to show that the same is unreasonable or unlawful, and all findings of the board . . . upon all questions of fact properly before it *shall be*

*deemed to be prima facie lawful and reasonable;* and the order or decision appealed from shall not be set aside or vacated, except for errors of law, unless the court is persuaded by the balance of probabilities, on the evidence before it, that said order or decision is unjust or unreasonable." *Id., s.* 65-c. (Emphasis supplied).

With reference to the board's findings, there is no requirement in the law ( R. L., *c.* 51, *ss.* 50-70) nor was there any request that specific findings be made. *Cf. Broderick* v. *Hunt,* 77 N. H. 139. The entire matter was reviewed by the Superior Court and we do not believe he abused his discretion in refusing to recommit the case to the board for further findings, or erred as a matter of law in holding that there was evidence to support the findings which the board made.

In order to support a variance, it must be found that: (1) no diminution in value of surrounding properties would be suffered; (2) granting the permit would be of benefit to the public interest; (3) denial of the permit would result in unnecessary hardship to the owner seeking it; (4) by granting the permit substantial justice will be done; (5) the use must not be contrary to the spirit of the ordinance. *Fortuna* v. *Manchester,* 95 N. H. 211. If these requirements can be met the case is one for a variance (*Fortuna* v. *Manchester, supra*) and not one of spot zoning. *Cf. Edgewood Civic Club* v. *Blaisdell,* 95 N. H. 244.

An examination of the record and exhibits discloses evidence to support the following findings: The lot in question is located to the rear of houses in the restricted zone and borders on the new four lane super road known as the Maine-New Hampshire Interstate Bridge Authority highway. It is a low, swampy area, something in the nature of a dump with vacant land for several hundred feet on either side and the proposed station will be some distance to the rear of the houses previously mentioned. It is useless in its present condition except as a breeding place for mosquitoes, and a depository according to one witness for "swill, orange skins, banana skins" and the like. It is unusable now even as a garden or field. In fact, owing to its condition and location on this heavily traveled way, it is "absolutely valueless unless used for a commercial purpose." Commercial establishments are now following along the highway, the nearest one being some 350 to 400 feet away from the Leith lot. A residence was moved in order to make way for the erection of this filling station. The area surrounding the Leith lot is similar to that where this filling station is located.

It seems to be conceded that a wire fence which will be built about the land will do away with any hazard the proposed station might create for children at the Franklin School located approximately 100 yards north and somewhat easterly across the super highway from the Leith property. Also the proposed station will have a tendency to slow down traffic about that point which will be in the interest of public safety. The improving of this presently unsightly and useless property will tend to increase rather than diminish the value of surrounding property and the service to customers will also be in the public interest. It is of some significance that at the hearing before the Court only two persons, both of whom purchased their property after the building of the super highway, appeared in opposition to granting the variance. *Cf. St. Onge* v. *Concord,* 95 N. H. 306. Added to this is the fact that the plaintiffs concede the district is only a general residence district which admittedly is "less restrictive" than a single residence district. Also to be considered is the inevitable change which has taken place in the whole area due to the super highway, which carries an enormous and increasing load of traffic. Under all these circumstances and considering also that the Court took a view which "may have furnished a vital part of the evidence" (*Tetreault* v. *Gould,* 83 N. H. 99, 102) it clearly cannot be said that no reasonable person could have believed the essentials for a variance existed. The requirements of public interest, no diminution of surrounding values, the spirit of the ordinance and substantial justice may be found satisfied. It is the law under these circumstances that the refusal of a permit for a variance is an unnecessary hardship on the owner. *Fortuna* v. *Manchester,* 95 N. H. 211.

We turn now to the claim that the plaintiffs were prejudiced because a member of the board was related by marriage to the defendant Leith and also because the plaintiffs were forced to testify before the defendants' evidence was introduced. It appears neither of these contentions can prevail. The board member expressly disqualified herself and took no part in the deliberations or decision although she was present, acting as clerk. No objection was made by any of the plaintiffs until after the board's decision had been rendered although the two plaintiffs who appeared in court admitted they knew of her relationship prior to the hearing before the board. It would seem their objection now comes too late. *Hazen* v. *Corporation,* 89 N. H. 522. The statute (R. L., *c.* 51, *s.* 63) so far as material provides that no member shall "sit upon the hearing of

any question which the board is to decide in a judicial capacity" who would be disqualified as a juror. Actually here the disqualified member did not sit, although technically it may be argued that she came within the prohibition of the statute. Although the practice is not to be encouraged, the Court by its refusal to set aside the board's findings decided that no prejudice in fact existed. *Cf. Hazen* v. *Corporation, supra.* This finding being sustainable, the plaintiffs take nothing by their exception. See *Caldwell* v. *Yeatman,* 91 N. H. 150, 156. So too in the matter of the plaintiffs being compelled to open the hearing before the board, the Court found no error was committed. They were given the right to open and close and under all the circumstances it does not conclusively appear that they were done an injustice. *Blaisdell* v. *Young,* 90 N. H. 185.

It was proper for the Court to admit the testimony of members of the board which he might find would be of assistance to him. *Plourde* v. *Nashua,* 93 N. H. 376. Obviously, great liberality in the admission of evidence is the policy of the Legislature in these cases. Laws 1949, *c.* 278, *s.* 65-g.

Finally, it is admitted that the Maine-New Hampshire Bridge Authority has granted the defendant Leith rights of ingress and egress to this property. What appears to be the remote possibility of technical objections to this grant in the future should neither affect the result here nor call for further discussion at this time. The order is

*Exceptions overruled.*

All concurred.