Hillsborough,
No. 4843.

ROLAND A. CONERY & a.

*v.*

CITY OF NASHUA.
GRAND UNION COMPANY.

Argued September 7, 1960.

Decided October 4, 1960.

20

*Clancy & O'Neill* and *Aaron A. Harkaway* (*Mr. Clancy* orally), for the plaintiffs.

*Sullivan & Gregg* and *Sherman D. Horton, Jr.* (*Mr. Horton* orally), for the defendants.

BLANDIN, J. The defendants' first contention is that the Court erred in the hearing before it in permitting the plaintiffs to introduce evidence which had not been presented to the zoning board of adjustment. It is true, as the defendants claim, that there is now no trial *de novo* before the Court under RSA 31:78. *Gelinas* v. *Portsmouth*, 97 N. H. 248, 249.

However, RSA 31:82 states: "All evidence transferred by the board of adjustment . . . shall be, and all additional evidence received may be, considered by the court regardless of any technical rule which might have rendered the same inadmissible if originally offered in the trial of an action at law." Courts have often taken a view in zoning appeal cases, regardless of whether one was taken by the board, and such evidence is often significant. *Suprenant* v. *Nashua*, 101 N. H. 43, 45. The 1949 amendment (Laws 1949, c. 278, s. 2) which changed the procedure in some respects on appeals did not change RSA 31:85 which provides in part that "the court may take evidence . . . . " No limitation on this procedure is expressed or implied anywhere in RSA ch. 31, and s. 82, in stating that "All additional evidence received may be, considered by the court," unquestionably contemplates that the Court may receive additional evidence. *Cf.* RSA 541:14. Neither in the *Gelinas* nor the *Suprenant* cases, relied upon by the defendants, did our court adopt any contrary doctrine, as this would clearly have been in derogation of section 82. In the *Gelinas* case we noted that "Great liberality in the admission of evidence is the policy of the Legislature in these cases." *Id.*, 252. This rule applies to proceedings both before the board and the Superior Court. However the receipt of additional evidence by the Superior Court on appeal presents a preliminary question for that court as to whether the proffered evidence tends to show that the order of the board was unjust or unreasonable. RSA 31:78. In this case, the Trial Court set aside the decision of the board for lack of any evidence to support it. It follows that additional evidence received by the Court cannot be said to have prejudiced the defendants' rights. The defendants' exceptions to the admission of additional evidence by the Court are overruled.

The defendant Grand Union Company's argument that the Court erred in ruling that there was no evidence on which it could be found that the company would suffer any unnecessary hardship within the meaning of the statute if the application for a variance were denied, does not require extended consideration. The hardship referred to in RSA 31:72 III must be to one whom the statute was designed to protect. We do not believe that an option holder is such a one (*Tripp* v. *Zoning Board of Pawtucket*, 84 R. I. 262) and therefore the defendant company's contention cannot prevail.

The Simoneaus, although they do not appear as parties in the petitions, were found by the Court to have acted through their

agent, Grand Union Company, in requesting a variance. The Court has concluded that there is no evidence that they suffered unnecessary hardship because of the denial of their petition. The defendants, while they do not dispute the correctness of the essential findings of the Court, maintain that these findings contain sufficient evidence of unnecessary hardship so that "it clearly cannot be said that no reasonable person could have believed (this essential) for a variance existed." *Gelinas* v. *Portsmouth, supra,* 251. We cannot accept this argument. A careful analysis of the findings convinces us that the Court's conclusion was correct. Cases cited by the defendants as authority for a contrary holding are distinguishable from the present situation on their facts. In each instance, sustainable findings were made that unnecessary hardship would be inflicted on the one seeking a variance were it denied. This is not so here, and the defendants' exception cannot prevail.

In further relation to the question of unnecessary hardship, the defendants argue that the Court, in deciding this issue, erred in considering the entire lot, rather than just the portion to which the variance was to apply. They cite no authority for this proposition, nor do we believe it a tenable one in the circumstances of this case. Were it to become law, owners, by dividing up their parcels, could often create a situation where unnecessary hardship might appear to exist as to any particular division. Should a variance be granted in such instances, the effect would be as in spot zoning, and the action would be unlawful, since it would defeat the uniformity which it is a fundamental purpose of the zoning law to maintain. *Edgewood Civic Club* v. *Blaisdell,* 95 N. H. 244. It follows the defendants' exceptions on this issue are overruled.

Since the Court did not base its decree in reliance upon the so-called "self-created hardship" doctrine advanced in New York state (*Clark* v. *Zoning Board of Appeals,* 301 N. Y. 86), but expressly declined to apply this principle, no exception in respect to this matter is open to the defendants.

The conclusions reached render unnecessary consideration of other issues raised, and the order is

*Decree affirmed.*

All concurred.