Hillsborough,
No. 4961.

ALEKSANDRA GRIAUZDE & a. v. NASHUA & a.

Argued October 3, 1961.

Decided October 27, 1961.

*Velishka & Kozlowski* and *Warren B. Rudman* (*Mr. Rudman* orally), for the plaintiffs.

*Leo R. Lesieur* for the defendant city of Nashua, furnished no brief.

*Normand R. Pelletier* (by brief and orally), for the defendant Andrew Soucy.

BLANDIN, J. The plaintiffs' position is that there was no new evidence presented at the rehearing so as to warrant the change of vote by the zoning board of adjustment granting the defendant Soucy a variance.

Article IX, *s.* 45(6) of the Nashua zoning ordinance provides that in order to grant a variance the board must find as follows:

"a. No diminution of value of surrounding properties would be suffered.

"b. Granting the permit would be of benefit to the public interest.

"c. Denial of the permit would result in unnecessary hardship on the owner seeking it. ·

"d. By granting the permit, substantial justice will be done.

"e. The use will not be contrary to the spirit of the ordinance." See *Gelinas* v. *Portsmouth*, 97 N. H. 248, 250.

The brief minutes of the first hearing before the zoning board fail to disclose that evidence on these five requirements was presented. However, the minutes of the rehearing show that all these requirements were then discussed, considered and that thereafter the board took another view of the premises, which, in the light of this discussion and consideration, may have furnished persuasive evidence. *Conery* v. *Nashua*, 103 N. H. 16, 21. One of the two board members, who were the only witnesses produced by the plaintiffs at the hearing before the Superior Court, testified that at the rehearing before the board new evidence relative to the character of the neighborhood was introduced and that he remembered no contradictory evidence of any sort by the plaintiffs. The minutes of the rehearing show that no one aside from the plaintiffs appeared in opposition to the granting of the variance.

The other witness for the plaintiffs stated unequivocally that new evidence was introduced by the defendant Soucy at the rehearing, although he could not remember specifically what it was.

The burden was upon the plaintiffs to establish before the Trial Court that the final decision of the board was unreasonable or unlawful. RSA 31:78; *Rockingham Hotel Co.* v. *North Hampton*, 101 N. H. 441. The Trial Court, after a view, specifically found that the "Board's finding was reasonable and lawful."

In the interest of finality of decisions by zoning boards rehearings should not be lightly granted. However in this case the record sustains the conclusion that sufficient new evidence was presented to the board at the rehearing to warrant their finding and the Court's confirmation of it.

The order is

*Judgment for the defendant Soucy.*

All concurred.