Hillsborough,
No. 5578.

WILLIAM A. WELCH & a. v. NASHUA & a.

Argued February 7, 1967.
Decided March 29, 1967.

*Harkaway, Barry & Gall* ( *Mr. Joseph F. Gall* orally ), for the plaintiffs.

*Leo R. Lesieur,* city solicitor, for the defendant city of Nashua, filed no brief.

*Hamblett, Kerrigan & Hamblett* ( *Mr. Joseph M. Kerrigan* orally ), for the defendants Michael Wollen and Emma L. Somers.

KENISON, C.J. The appeal in this case is predicated principally on the argument that the holder of an option to purchase is not a person entitled to a variance based on unnecessary hardship to the owner as provided by *s.* 45, A( 6 ) of the Nashua zoning ordinance. RSA 31:72 III; *Conery* v. *Nashua,* 103 N. H. 16, 21. The lack of standing of an option holder in the *Conery* case was not applied to applicants for an exception to a zoning ordinance because unnecessary hardship is not a factor. *Burr* v. *Keene,* 105 N. H. 228. Recent comment may indicate that the *Conery* holding on the lack of standing of an option holder represents a minority viewpoint. 2 Rathkopf, The Law of Zoning and Planning, ch. 40 and 1966 Supp; Annot. 89 A.L.R. 2d 663; Comment, Standing to Appeal Zoning Determinations: The "Aggrieved Person" Requirement, 64 Mich. L. Rev. 1070, 1076 ( 1966 ). See Lefcoe, Land Development Law 1332 ( 1966 ). We agree that the unnecessary hardship must relate to the owner and not to the option holder and in the present case it is clear that that requisite has been established as appears in the agreed statement of facts.

In the present case we are not dealing with an application solely by a holder of an option to purchase land. While the record of the board of adjustment of the city of Nashua is not a stenographic transcript of the evidence, it clearly shows that both the option holder and the owner were represented by an attorney

in applying for a variance not only at the original hearing but at the rehearing. RSA 31:69, 77. In other words, the owner had the status of an applicant so as to permit the zoning board to grant a variance based on unnecessary hardship for the use of her land even though the application had been signed by the holder of the option to purchase the property. *Cranston Jewish Center* v. *Zoning Bd. of Review*, 93 R. I. 364; *Dunham* v. *Zoning Board*, 68 R. I. 88. See Note, Zoning Variances, 74 Harv. L. Rev. 1396, 1398 ( 1961 ). ". . . Decisions on point all indicate that if the legal owner joins in the original application, the holder of an option on the property will be allowed to appeal from a denial of the application." Comment, Standing to Appeal Zoning Determinations: The "Aggrieved Person" Requirement, 64 Mich. L. Rev. 1070, 1077 ( 1966 ). See 2 Metzenbaum, Law of Zoning ( 2d *ed.* 1955 ) *pp.* 1040-1041 and 1966 Supp; 2 Yokley, Zoning Law and Practice, *s.* 13-4 ( 3d *ed.* 1965 ); 8 McQuillin, Municipal Corporations ( Rev. vol. 1965 ) *s.* 25.162a.

The first question transferred is answered in the affirmative which renders it unnecessary to consider the answer to the second question transferred. In accordance with the agreement of the parties the petition [appeal] is denied and the order is

*Appeal dismissed.*

All concurred.