Strafford
No. 6889

ANTHONY ALCORN & a.

v.

ROCHESTER ZONING BOARD OF ADJUSTMENT & a.

July 19, 1974

*McManus & Johnson (Mr. Anthony A. McManus* orally) for the plaintiffs.

*Mr. Joseph P. Nadeau,* by brief and orally, for the defendants.

KENISON, C.J. The key issue in this case is whether the trial court abused its discretion in finding that the Rochester Zoning Board of Adjustment denied the plaintiffs' request for a variance on the merits and not for lack of jurisdiction. The plaintiffs filed an appeal from the defendant board's denial of its petition. After a hearing before *Mullavey,* J., the appeal was denied. All questions of law raised by these proceedings were reserved and transferred by the court.

The basic facts are not in dispute. The plaintiffs submitted an application to the Rochester building inspector for a building permit to construct a recreational campground area in a district zoned agricultural. The inspector denied their application on the basis that a campground was not a permitted use in that district and suggested that they should apply for a variance to the zoning board of adjustment. The plaintiffs appealed this decision to the board, and a hearing was held on June 5, 1973. The plaintiffs presented their case to the board and responded to various questions concerning the merits of their request. The board met in a special session on June 7, 1973, and according to its minutes, "discussed extensively" the Alcorn appeal and voted 3-1 not to grant the variance for the reason that a campground was not a permitted use for an agricultural district. It notified the plaintiff Alcorn on June 8, 1973, by letter of this decision stating that the "board does not have the power or authority to grant relief to our Zoning Ordinances especially if a request is made for land uses that are not specified in our Ordinances." The plaintiffs appealed to the board for a rehearing on the request claiming its decision was unreasonable, arbitrary and contrary to the law. On June 28, 1973, the board met to consider the appeal and after a "lengthy discussion" voted unanimously not to grant the rehearing. The minutes specify that the board's denial was based on its belief that a granting of "a variance in this case ' . . . would violate the spirit and intent of our legislative body and of our zoning ordinances.'" On the same day, the board notified the plaintiff Alcorn of its decision with an explanation that "this type of case is not within our jurisdiction (to legislate) in that we cannot amend our Zoning ordinance; namely to insert land uses that are not specified for the respective districts."

The plaintiffs first contend that the board's explanation that it had no authority or power to grant a variance for land uses not specified in the zoning ordinance was an improper ground for denying this request. We agree with the plaintiffs to the extent that a board of adjustment does

have authority to grant a variance from the permitted uses within a district as long as the requested use meets the conditions set forth in *Gelinas v. Portsmouth,* 97 N.H. 248, 250, 85 A.2d 896, 898 (1952), namely, it must be found that (1) no diminution in value of surrounding properties would be suffered; (2) granting the permit would be of benefit to the public interest; (3) denial of the permit would result in unnecessary hardship to the owner seeking it; (4) by granting the permit substantial justice will be done; (5) the use must not be contrary to the spirit of the ordinance. RSA 31:72 III; *accord, Wentworth Hotel, Inc. v. New Castle,* 112 N.H. 21, 287 A.2d 615 (1972); *Vannah v. Bedford,* 111 N.H. 105, 276 A.2d 253 (1971). *See also* 2 E. Yokely, Zoning Law and Practice § 14-1 (1965, Supp. 1973). However, we believe the plaintiffs have misconstrued the meaning of the board's explanation. The minutes of the June 28, 1973 meeting indicate that the board determined that a campground use would violate the "spirit and intent" of the zoning laws and thus denied the request because it did not conform with the *Gelinas* test. Seen in this light, its explanation properly suggests that the board has no authority to legislate amendments to the zoning laws and that the plaintiffs should instead petition the council to expand the uses permitted in an agricultural district. *See* Annot., 40 A.L.R.3d 372, § 6 (1971); 2 R. Anderson, American Law of Zoning § 14.04 (1968); *cf.* 3 A. Rathkopf, The Law of Zoning and Planning ch. 68 (1972).

The plaintiffs object that there is no evidence in the formal minutes of the board's meetings on June 7 and June 28, 1973, that the matter was considered on the merits. The trial court permitted the chairman of the board, Martin Bergeron, to testify on what transpired at the meetings during which the Alcorn case was discussed. He stated that the board voted to deny the variance on the basis of the evidence presented by the plaintiffs, but decided to explain its denial in terms of its lack of authority as "a polite way of saying the variance was not granted." There is evidence to support the ruling that the

denial was on the merits, and we hold the trial court did not abuse its discretion.

The plaintiffs claim that the trial court improperly allowed the chairman to testify as to matters not specifically set forth in the minutes. The trial court determined that the chairman's testimony would not contradict the minutes, but rather would clarify certain ambiguities relating to the proceedings. The record shows that this testimony was helpful in bringing to the court's attention matters not shown by the bare minutes, and we believe the trial court properly exercised its discretion in allowing the evidence to be introduced. RSA 31:82; *Glidden v. Nottingham,* 109 N.H. 134, 136, 244 A.2d 430, 431 (1968); *see Levesque v. Hudson,* 106 N.H. 470, 214 A.2d 553 (1965).

The plaintiffs finally contend that even if the denial of the variance was based on the evidence, they were misled as to the board's actual reasoning and precluded from filing a proper appeal. We believe there is merit to this argument. RSA 31:75 requires a person aggrieved by the decision of a board of adjustment to specify the grounds on which he claims it is illegal, unjust or unreasonable. *See also* RSA 31:77. The failure of this board to disclose the real basis of its decision prevented the plaintiffs from making the requisite specification and thus denied them meaningful judicial review. *Gougeon v. Board of Adjustment,* 52 N.J. 212, 245 A.2d 7 (1968); *Our Lady of Mercy Greenwich v. Zoning Bd. of Review,* 102 R.I. 269, 229 A.2d 854 (1967); 3 R. Anderson, American Law of Zoning § 16.42-44 (1968, Supp. 1973). Accordingly, we remand this case to the board for a clarification of the grounds on which the variance was denied so as to permit the plaintiffs to file an appeal on the merits if the plaintiffs deem it necessary.

*Plaintiffs' exceptions overruled in part, sustained in part; remanded.*

All concurred.