Hillsborough
No. 7723

WILLIAM PAPPAS

v.

CITY OF MANCHESTER
ZONING BOARD OF ADJUSTMENT

July 25, 1977

*Robert Singer,* of Manchester, by brief and orally, for the plaintiff.

*James A. Manning,* assistant city solicitor, by brief and orally, for the defendant.

*Robert F. Bossie* and *Laurence E. Kelly,* of Manchester (*Mr. Kelly* orally), for the intervenors.

Bois, J. Pursuant to RSA 31:77 the plaintiff appealed to the superior court from a denial of a rehearing by the Manchester Zoning Board of Adjustment (the "board") of its order granting

a variance to certain neighboring property owners. The variance permitted a six-family structure in a residential zone to be altered for use as professional offices, and incidental thereto permitted the conversion of open space adjacent to the building to an offstreet parking lot for twenty automobiles.

The court found that "[u]pon a review of the pleadings and record in this case, the Court does not find that the Board of Adjustment committed any errors of law, nor is the Court persuaded by the balance of probabilities on the evidence before it that the order and decision . . . is unjust or unreasonable." Plaintiff has taken this appeal, and all questions of law which are matters of record were reserved and transferred by *Goode*, J.

In March of 1976, there was submitted to the Manchester Building Department an application for a permit to repair and alter the building in question. Because of the zoning classification, the application was denied and an appeal referred to the board of adjustment for the issuance of a variance. A public hearing was held in April of 1976 and as a result thereof a variance was granted. At that hearing, Mr. Pappas was not represented by counsel but he as well as other interested parties was allowed full opportunity to be heard in opposition to the variance. An application for rehearing by plaintiff was denied, and an appeal to the superior court was perfected on June 2, 1976. At the original public hearing, where no record was made, the plaintiff filed no requests for findings of fact and no explicit findings were made by the board in granting the variance.

Notwithstanding this scant record, the plaintiff elected to present his appeal to the trial court "on the record," with the exception of a stipulation that the property in question bordered three and one-half feet from the plaintiff's building. The plaintiff specified as "grounds" for his appeal, RSA 31:77, the contentions that:

(1) the board had yielded to pressures from the community and made a decision which constituted an abuse of its discretionary power;

(2) the use of the open-space area for a parking lot would constitute a menace to the health of his family and of his tenants' families;

(3) the rental value of the tenements in plaintiff's building would be diminished.

■■ We note at the outset that in a zoning appeal there is a statutory presumption, RSA 31:78, that all findings of the zoning

board of adjustment are prima facie lawful and reasonable. *Simoneau v. Nashua,* 112 N.H. 18, 287 A.2d 620 (1972); *Bois v. Manchester,* 113 N.H. 339, 306 A.2d 778 (1973); *Hanson v. Manning,* 115 N.H. 367, 341 A.2d 764 (1975). The court may not substitute its judgment for that of the board; and on appeal from an order permitting a variance, the order may not be set aside or vacated except for errors of law, "unless the court is persuaded by a balance of probabilities . . . that the order or decision is unjust or unreasonable." RSA 31:78.

 Although disclosure of specific findings of fact by a board of adjustment may often facilitate judicial review, the absence of findings, at least where there is no request therefor, is not in and of itself error. *Gelinas v. Portsmouth,* 97 N.H. 248, 250, 85 A.2d 896, 898 (1952); *see Broderick v. Hunt,* 77 N.H. 139, 142–43, 89 A. 302, 304–05 (1913); *Foote v. State Personnel Commission,* 116 N.H. 145, 148, 355 A.2d 412, 414 (1976). Further, to the extent the record of the evidence before the board is incomplete or nonexistent, the aggrieved party may avail himself of RSA 31:82, :85, and present evidence to the trial court. Such additional evidence may be taken into consideration even though it was not before the board. *Conery v. Nashua,* 103 N.H. 16, 164 A.2d 247 (1960); *Sweeney v. Dover,* 108 N.H. 307, 234 A.2d 521 (1967); *Mills v. Manchester,* 109 N.H. 293, 249 A.2d 679 (1969).

 With these procedural considerations in mind, we address the issue of whether the superior court erred in concluding that plaintiff had failed to meet his burden of proof that the board's decision was "unjust or unreasonable." RSA 31:78; *see Griauzde v. Nashua,* 103 N.H. 468, 174 A.2d 432 (1961); *Schadlick v. Concord,* 108 N.H. 319, 234 A.2d 523 (1967). The board's decision amounted to an implicit finding that the several requisites for a variance had been met. These requisites, as set forth in *Gelinas v. Portsmouth,* 97 N.H. at 250, 85 A.2d at 898, are: (1) no diminution in value of surrounding properties would be suffered; (2) granting the permit would be of benefit to the public interest; (3) denial of the permit would result in unnecessary hardship to the owner seeking it; (4) by granting the permit substantial justice will be done; (5) the use must not be contrary to the spirit of the ordinance. The record herein indicates only that the variance permitted the alteration of a multi-family residence into a professional office building with a moderately sized parking lot, and that the

altered structure would be in close proximity to plaintiff's tenements. It is clear that this scant evidence is insufficient to show that the decision of the board was "unjust or unreasonable." *See Walker v. Manchester,* 107 N.H. 382, 222 A.2d 827 (1966) (conversion of dwelling in residential area to funeral home); *Levesque v. Hudson,* 106 N.H. 470, 214 A.2d 553 (1965) (erection of bank in residential area).

*Alcorn v. Rochester Zoning Bd. of Adjustment,* 114 N.H. 491, 322 A.2d 608 (1974), relied on by the plaintiff, is of no help to him. In *Alcorn,* the board misled a property owner by giving him a reason which in fact was not the true basis for its decision. In the case at hand, there was no such misleading conduct by the board.

The plaintiff having failed to meet his burden of proof, the order must be

( ) *Exceptions overruled.*

All concurred.