Strafford
No. 78-232

EDWARD OUIMETTE

v.

CITY OF SOMERSWORTH

AND

AGWAY PETROLEUM CORP.

May 9, 1979

*Michael & Jones*, of Rochester (*Danford J. Wensley* orally), for the plaintiff.

*Keefe, Dunnington & Cappiello*, of Dover (*Thomas F. Dunnington* orally), for the city of Somersworth.

*Coolidge, Cullinane & Cullinane*, of Somersworth (*Clyde R. Coolidge* orally), for the Agway Petroleum Corp.

DOUGLAS, J.   The plaintiff appeals from a decree granting a variance from a Somersworth municipal zoning ordinance. The issue raised on appeal is the authority of the local zoning board to grant a variance when the only hardship alleged results from the special needs of an option holder of the property as opposed to special characteristics of the property.

The defendant Agway Petroleum Corp. (Agway) is an option holder on a parcel of land zoned business district B. Section 19.4(7) of the Somersworth zoning ordinance permits storage of gasoline in areas zoned business district B, providing that "gasoline storage tanks shall be underground." Agway wishes to use the land to expand its business. Part of its expansion plans include the construction of an above-ground storage facility with a gravity feed system.

As provided by RSA 31:72 III, Agway applied to the board of adjustment for a variance to build above-ground storage tanks on this property. A hearing was held before the board. The plaintiff, a neighboring business owner, appeared at the hearing to object to the proposed variance. A petition by seventeen persons who objected to the variance was also submitted.

Testimony at the hearing centered on the hardship to Agway if the variance were denied. Evidence was presented that Agway could find no other suitable lot with the correct dimensions and slope for its above-ground storage tanks. The Somersworth fire chief testified that the above-ground storage tanks would pose no safety hazards.

After the public hearing, the zoning board held an executive session. The vote was four to one in favor of granting the variance. Minutes of the meeting indicate that the board considered all elements they believed necessary to grant a variance. *See Gelinas v. City of Portsmouth*, 97 N.H. 248, 250, 85 A.2d 896, 898 (1952). The board also considered the safety features of the above-ground tanks in reaching their decision.

The plaintiff filed a motion for rehearing, which was denied. The matter was appealed to the Strafford County Superior Court. The chairman of the zoning board was the sole witness to testify for the plaintiff. He testified as to his reasons for granting the variance, his

understanding of the safety factors involved, his understanding that the variance would not result in injury to other property owners in the area, and his belief that the hardship requirement had been met. Agway presented one witness, a facilities coordinating engineer employee. He reiterated the highlights of his earlier testimony before the board of adjustment. The fact that Agway was a mere option holder on the property was raised for the first time at this hearing. The Superior Court (*Mullavey*, J.) approved the recommendations of the Master (*Robert A. Carignan*, Esq.) and upheld the decision of the Somersworth zoning board of adjustment. The plaintiff's exceptions were reserved and transferred by *Goode*, J.

RSA 31:78 creates a statutory presumption that all findings of the zoning board are prima facie lawful and reasonable. An order of the board will not be set aside on appeal unless we are persuaded by a balance of probabilities that the order or decision is unjust or unreasonable or if the order contains an error of law. *Pappas v. City of Manchester*, 117 N.H. 622, 376 A.2d 885 (1977).

We find that as a matter of law a variance was improperly granted in this case. A variance from a municipal zoning ordinance may be granted "where, owing to special conditions, a literal enforcement of the provisions of the ordinance will result in unnecessary hardship." RSA 31:72 III. Variances are included in a zoning ordinance to prevent the ordinance from becoming confiscatory or unduly oppressive as applied to individual properties uniquely situated. 3 A. RATHKOPF, THE LAW OF ZONING AND PLANNING 45-1 to 45-3 (4th ed. 1956). The standard for granting a variance has been articulated in *Gelinas v. City of Portsmouth*, 97 N.H. 248, 85 A.2d 896 (1952). We held there that to support a variance, it must be found that: 1) no diminution in value of surrounding properties would be suffered; 2) granting the permit would be of benefit to the public interest; 3) denial of the permit would result in unnecessary hardship to the owner seeking it; 4) granting the permit would do substantial justice; 5) the use must not be contrary to the spirit of the ordinance. *Id.* at 250, 85 A.2d at 898 (citations omitted). The defendants argue that they have met their burden under this standard by producing evidence of the superiority of above-ground tanks and by demonstrating the peculiar suitability of the land in question for this system of storage. The hardship alleged by the defendants is that Agway cannot expand its business if barred from moving to this lot because of the zoning ordinance. Reliance on these factors to support a variance reflects a fundamental misconception of the function of a variance in a comprehensive zoning scheme. Agway's inability to move cannot support a variance from a compre-

hensive zoning scheme. The inability to use land for one particular purpose is irrelevant to whether a variance should be granted.

■ A hardship results only if use of the particular property is unduly restricted by the zoning ordinance because of special conditions unique to that property which distinguish it from all others similarly restricted. *Vannah v. Town of Bedford,* 111 N.H. 105, 112, 276 A.2d 253, 258 (1971). "Absent 'special conditions' which distinguish the property from other property in the area, no variance may be granted . . . ." *Hanson v. Manning,* 115 N.H. 367, 369, 341 A.2d 764, 765 (1975). It is the land owner who is unreasonably restricted in the use of his property because of the zoning ordinance who suffers the hardship. *See Carbonneau v. Town of Exeter,* 119 N.H. 259, 401 A.2d 675 (1979). For this reason we have previously held that the unnecessary hardship must relate to the property owner as opposed to a mere option holder. *Welch v. City of Nashua,* 108 N.H. 92, 227 A.2d 600 (1967); *Conery v. City of Nashua,* 103 N.H. 16, 164 A.2d 247 (1960).

■ The defendants contend that the variance was properly granted because they requested an area variance rather than a use variance. They argue that placement of petroleum tanks above ground in an area which allows placement of such tanks under ground will not change the character of the area and is analogous to a variance from structural or lot size restrictions. Some jurisdictions recognize a difference between area and use variances and will permit a showing of practical difficulty to replace the necessity of demonstrating unnecessary hardship when an area variance is requested. *See generally* 82 AM. JUR. 2d *Zoning and Planning* § 278 (1976). RSA 31:72 III, however, does not distinguish between types of variances but instead requires a showing of unnecessary hardship whenever an owner of property requests a variance.

If the city of Somersworth decides that it would be wise to allow petroleum storage tanks to be placed above ground, it may, of course, take steps to amend the city zoning ordinance to accomplish this goal.

*Exceptions sustained.*

All concurred.