Sullivan
No. 80-190

J. HOWARD SPRAGUE

v.

TOWN OF ACWORTH

September 17, 1980

*Buckley & Zopf*, of Claremont, by brief for the plaintiff.

*R. J. Shortlidge, Jr.*, of Keene, by brief for the defendant.

BROCK, J.   This is an appeal brought by the Town of Acworth from a decision of the Superior Court (*Loughlin*, C.J.), under RSA 31:78, granting the plaintiff a variance to build a seasonal home on a parcel of land adjacent to Crescent Lake. The town's zoning board of adjustment previously had denied the plaintiff's request for the variance. The town asserts that the trial court relied upon an erroneous legal standard in determining to grant the variance. For the reasons that follow, we affirm.

The plaintiff purchased the lot in question in 1968. The parcel has 93 feet of frontage on the lake, a westerly boundary of 135 feet, an easterly boundary of 155 feet and frontage on an access road of 65 feet. Subsequent to the plaintiff's purchase of the land, the town adopted a zoning ordinance. One of its provisions established a "conservation zone" and prohibited the erection of new buildings within a distance of 100 feet from the high-water mark of any natural pond, lake or stream within the town. Another provision of the town's zoning ordinance prohibits the building of a structure closer than fifty feet to the nearest edge of an abutting right-of-way or closer than twenty feet to any side or rear property line. Because the cumulative effect of the ordinance provisions is to preclude the plaintiff from constructing anywhere on his lot, excepting a triangular-shaped area consisting of 195 square feet, it is apparent that a variance is required to obtain a building permit. Toward that end, the plaintiff applied to the zoning board of adjustment for a variance proposing to reduce the right-of-way setback from 50 to 25 feet, to reduce the sideyard setbacks from 20 feet to 15 feet and to intrude into the lakefront conservation zone 13 feet 6 inches. The board denied the variance and the plaintiff appealed to the superior court under RSA 31:77.

Following a trial with a view of the property, the court made the following pertinent findings:

"8. That it would be unduly oppressive, unreasonable and would result in unnecessary hardship to require the use of Plaintiff's lot for the limited uses authorized in the conservation zone;

. . .

11. That plaintiff's use of his lot for summer seasonal dwelling purposes is consistent with the use of all abutting property and will not result in the diminution of value of the abutting property;

12. That to allow Plaintiff to use his lot in a manner consistent with the uses of abutting property will result in benefit to the public interest;

13. That plaintiff's proposed variance conforms with the spirit of the ordinance in that it takes into account to the extent physically possible the requirements for setback and proposes a use otherwise consistent with the terms and conditions of the ordinance;

14. That the granting of a variance in this instance will result in substantial justice being done; . . ."

In its written decision, the court also indicated that it considered the variance at issue an *area* variance rather than a *use* variance. *See* ANDERSON, AMERICAN LAW OF ZONING § 18:07. Accordingly, the court determined that the burden or standard of proof which the plaintiff must meet in order to obtain the variance was that of practical difficulty rather than that of the unnecessary hardship applicable to use variances. The town now asserts that because the court applied an erroneous standard its decision should be overruled.

■ Within only a few weeks after the trial court rendered its decision in the instant case, we expressly rejected the proposition that the standard of proof applicable to an area variance is a lesser one than that applicable to use variances. *Ouimette v. City of Somersworth*, 119 N.H. 292, 402 A.2d 159 (1979). The town is therefore correct in its assertion that the trial court in reaching its decision relied upon a standard of proof later rejected by this court. It does not follow, however, that a reversal of the trial court's decision is required. It is well settled here that "a wrong reason given by a court does not invalidate a correct ruling." *H. P. Hood & Sons, Inc. v. Boucher*, 98 N.H. 399, 404, 101 A.2d 466, 469–

70 (1953); *compare Cheever v. Roberts,* 82 N.H. 289, 133 A. 22 (1926). *See generally Fecteau v. Foster & Co.,* 120 N.H. 406, 418 A.2d 1265 (1980). Similarly, where the correct decision is made on mistaken grounds, this court will sustain it if the record contains valid grounds to support the decision. *Burns v. Bradley,* 120 N.H. 542, 546–47, 419 A.2d 1069, 1072 (1980); *Favorite v. Miller,* 176 Conn. 310, 317, 407 A.2d 974, 978 (1978).

In *Ouimette v. City of Somersworth supra,* we stated that "[v]ariances are included in a zoning ordinance to prevent the ordinance from becoming confiscatory or unduly oppressive as applied to individual properties uniquely situated," but held that regardless of whether the variance requested is one of use or area, the five requisite standards set forth in *Gelinas v. City of Portsmouth,* 97 N.H. 248, 85 A.2d 896 (1952), are the proper ones to be employed in determining whether the variance should be granted. These requisites are:

"(1) no diminution in value of surrounding properties would be suffered;
(2) granting the permit would be of benefit to the public interest;
(3) denial of the permit would result in unnecessary hardship to the owner seeking it;
(4) by granting the permit substantial justice will be done;
(5) the use must not be contrary to the spirit of the ordinance."

*See also Pappas v. City of Manchester Zoning Bd.,* 117 N.H. 622, 625, 376 A.2d 885, 887 (1977). The record in this case clearly supports the trial court's affirmative findings on each of the five requisites. Moreover, the record also supports the trial court's finding that the order of the zoning board of adjustment was unreasonable (RSA 31:78). Enforcement of the ordinance against this plaintiff would be oppressive and unreasonable and would not advance the public interest. *Carey v. Westmoreland,* 120 N.H. 374, 415 A.2d 333 (1980). Because the plaintiff has met his burden of proof under the proper standard, the town has suffered no prejudice by the trial court's actions. *See Fecteau v. Foster & Co. supra.*

*Affirmed.*

All concurred.