Hillsborough
No. 86-297

RUSSELL E. SATURLEY

v.

TOWN OF HOLLIS,
ZONING BOARD OF ADJUSTMENT

October 9, 1987

*Kozlowski & Parodi,* of Nashua (*Brian E. Major* on the brief, and *Robert Parodi* orally), for the plaintiff.

*Sullivan, Gregg & Horton P.A.,* of Nashua (*James L. Sullivan, Jr.,* on the brief and orally), for the defendant.

THAYER, J.  The defendant, the Town of Hollis Zoning Board of Adjustment (the board), appeals the decision of the Superior Court (*Dalianis,* J.) vacating the denial by the board of the plaintiff's request for a variance in order to build a septic tank on land classified as wetlands under the Hollis Zoning Ordinance. We reverse.

In October 1984, the plaintiff, Russell E. Saturley, purchased a twenty-acre tract of land in Hollis. Included in the twenty acres was a lot of 1.85 acres. Approximately fifty percent of this lot was "wetlands," or standing water and poorly drained soil. Within the portion of the non-wetland area, there existed an additional ten-foot by ten-foot section of wetland known as a "kettle hole." For the reasons stated below we hold that the superior court erred in reversing the board's decision to deny the variance.

The plaintiff sought a building permit to build a single-family residence with a septic tank on the lot in question. The building inspector denied the application because the ten-foot by ten-foot "kettle hole" was within one hundred and fifty feet of the proposed septic tank, and thus violated Section IV.10.E.1 of the Hollis Zoning Ordinance.

The plaintiff appealed the building inspector's determination to the board, and the board denied the appeal. The plaintiff then asked the board to reconsider its decision. In a letter dated May 17, 1985, the board notified him that his request for reconsideration had been denied, but stated that if the plaintiff wished, he could apply for a variance to the zoning ordinance. Shortly thereafter, the plaintiff applied for a variance to build a septic system within seventy-five feet of the kettle hole. The board denied the application for a variance stating, *inter alia*, that (1) the construction of the proposed septic system on a lot consisting of less than seventy-five percent non-wetland area violated Section IV.9.C.2, which provides that wetland areas may be used to satisfy minimum lot area and setback requirements only if the non-wetland portion equals or exceeds seventy-five percent of the minimum lot area required in a zone; and (2) that the construction of a septic system posed a pollution threat to the public water supply area in violation of Section IV.10.E.1. On June 25, 1985, the plaintiff sought a reconsideration of the board's decision, which was denied on July 19, 1985. On August 2, 1985, the plaintiff appealed the board's variance denial to the superior court. A hearing was held on June 10, 1986, and on June 12, 1986, the superior court vacated the board's denial of a variance.

A zoning board of adjustment's authority to grant a variance is contained in RSA 674:33, which states in relevant part:

"I. The zoning board of adjustment shall have the power to:

. . . .

(b) Authorize upon appeal in specific cases such variance from the terms of the zoning ordinance as will not be contrary to the public interest, if, owing to special conditions, a literal enforcement of the provisions of the ordinance will result in unnecessary hardship, and so that the spirit of the ordinance shall be observed and substantial justice done."

A zoning board may grant a variance only if the applicant has satisfied five conditions:

"(1) no diminution in value of surrounding properties would be suffered; (2) granting the permit would be of benefit to the public interest; (3) denial of the permit would result in unnecessary hardship to the owner seeking it; (4) granting the permit would do substantial

justice; (5) the use must not be contrary to the spirit of the ordinance."

*U-Haul Co. of N.H. & Vt., Inc. v. City of Concord*, 122 N.H. 910, 912, 451 A.2d 1315, 1317 (1982) (quoting *Moore v. City of Rochester*, 121 N.H. 100, 101, 427 A.2d 10, 11 (1981)); *see also Alexander v. Town of Hampstead*, 129 N.H. 278, 525 A.2d 276 (1987).

During a meeting on the plaintiff's application, the board made the following determinations: (1) a hardship was caused by the application of the zoning ordinance to the plaintiff's land; (2) the variance could not be granted without violating the purpose and spirit of the ordinance; (3) the variance could not be granted without adversely affecting other property in the district; (4) it would not be unjust to deny the variance; and (5) the variance should not be granted with conditions and restrictions. On appeal to the superior court, the denial of a variance was vacated, and the defendant brought this appeal. This court must decide whether the trial court acted reasonably in vacating the board's denial of a variance.

The defendant argues that the plaintiff failed to present the superior court with sufficient evidence to support its conclusion that all requirements for a variance had been met. He specifically charges that the court erred in concluding, first, that the denial of the variance would cause the plaintiff unnecessary hardship and, second, that the variance would not violate the spirit of the zoning ordinance.

■■ We first address the standard of review governing the trial court's decision in this case. On review in the trial court, a zoning board's findings are *prima facie* lawful and reasonable. *Burke v. Town of Jaffrey*, 122 N.H. 510, 513, 446 A.2d 1169, 1171 (1982); RSA 677:6. Thus "[t]he court may not substitute its judgment for that of the board," *Pappas v. City of Manchester Zoning Bd.*, 117 N.H. 622, 625, 376 A.2d 885, 886 (1977), unless it "finds by the balance of the probabilities, on the evidence before it, that the decision was unlawful or unreasonable," *Richardson v. Town of Salisbury*, 123 N.H. 93, 96, 455 A.2d 1059, 1061 (1983); *see also U-Haul Co. of N.H. & Vt., Inc. v. City of Concord*, 122 N.H. at 912, 451 A.2d at 1317; *Pappas v. City of Manchester Zoning Bd. supra.* Thus, in this case the trial court would be justified in reversing the board only if it could find, by the balance of probabilities, that the board acted unlawfully or unreasonably in deciding that the plaintiff failed to meet all requirements for a variance.

■ We first address the unnecessary hardship issue. The defendant contends that the plaintiff failed to demonstrate that the ordinance imposed an unnecessary hardship on his land, because he points out no characteristic distinguishing his lot from others similarly situated. The town further argues that any hardship the plaintiff did suffer was self-imposed and therefore not ground for a variance. "The concept of unnecessary hardship . . . is a narrow one," *Governor's Island Club v. Town of Gilford*, 124 N.H. 126, 130, 467 A.2d 246, 248 (1983), and the standard for determining unnecessary hardship is whether the "use of the particular property is unduly restricted by the zoning ordinance because of special conditions unique to that property which distinguish it from all others similarly restricted," *Ouimette v. City of Somersworth*, 119 N.H. 292, 295, 402 A.2d 159, 162 (1979).

■ However, for purposes of deciding this case, even if we were to assume, *arguendo*, that the superior court was correct in its determination that the board was unreasonable in not finding unnecessary hardship and that the hardship was not self-imposed, there still remains the issue of whether the denial of the variance by the board is justified by public interest concerns. A finding of unnecessary hardship does not necessarily require the granting of a variance; rather, the zoning board is required to balance such a hardship with considerations such as the public interest. 82 AM. JUR. 2d § 271.

■ The defendant argues that the superior court erred when it found that the applicant's variance would not violate the purpose of the town's ordinance regulating use of wetlands consistent with its interest in keeping its public water supply area pollution free. The defendant points in particular to the board's concerns regarding the possibility of septic system failure. Hollis Zoning Ordinance Section IV.9.C.2 states:

> "Wetland areas may be used to satisfy minimum lot area and setback requirements provided that that portion of the non-wetland equals or exceeds 75 percent of the minimum lot area required in the zone and provided that at least 50% of the minimum lot area required in the zone be contiguous non-wetland . . . ."

One of the purposes of this ordinance, as stated in paragraph A of Section IV.9, is "to control building and land uses on naturally occurring wetlands which would contribute to pollution of surface and ground water by sewage." Testimony by Mr. Nicosia-Rusin of the board suggests that other contaminants associated with

residential living were also of concern. The board denied the plaintiff's request for a variance because of the town's desire to avoid the possibility of pollution either from a septic tank failure, or from use of fertilizers, pesticides and artificial contaminants which could accompany development of the lot. The trial testimony of Mr. Nicosia-Rusin and minutes of the board's meeting show that the board's deliberations were highly determined by the intent and purposes of the regulations, and by the town's general engineering practices. These concerns could reasonably and lawfully lead the board to deny a variance.

The wetlands to be protected represent a large area of high quality underground water which serves the Hollis school system and local residences. The serious concern that the town has to protect present and future water usage is further supported by its water supply conservation zone ordinance Section IV.10.E.1, which states: "No septic tank or leach field shall be located closer than 150 feet to any wetland or standing water. . . ."

We are not persuaded that the superior court could properly have found that the board's decision was unreasonable. Based on our consideration of the record and the applicable standard of review, we hold that the zoning board of adjustment acted reasonably and lawfully in denying a variance to the plaintiff. Consequently, the order of the superior court is reversed.

*Reversed.*

All concurred.