Coos
No. 90-484

PETER ESTABROOKS AND ESTHER ESTABROOKS

v.

TOWN OF JEFFERSON

June 12, 1991

*David B. Shepatin,* of Littleton, by brief and orally, for the plaintiffs.

*Donovan & Desjardins P.C.,* of Lancaster (*Paul F. Donovan* on the brief and orally), for the defendant.

JOHNSON, J. The plaintiffs, Peter Estabrooks and Esther Estabrooks, appeal the decision of the Superior Court (*Smith,* J.) affirming the Town of Jefferson (Town) zoning board of adjustment's (ZBA) denial of the Estabrookses' application for a variance from the Town's land use ordinances. We hold that the superior court erred in failing to act upon the Estabrookses' request for an evidentiary hearing, and therefore reverse and remand. The Estabrookses raise several substantive issues on appeal relating to the ZBA's denial of their variance application, but because we decide this case only on the basis of the court's procedural error, we describe only the facts and procedural history that pertain to that issue.

The Estabrookses own two adjoining lots and have constructed a building which straddles the boundary line between them. The building houses an automobile repair shop, and is connected to an apartment building on one side and a store on the other. The Estabrookses would like to eliminate this boundary line, and create two new ones:

one between the apartment building and the repair shop, and one between the repair shop and the store. In order to do so, they applied to the ZBA for a variance from the Town's land use ordinance. After the ZBA denied their application for a variance, the Estabrookses appealed the decision to the superior court.

On April 10, 1990, the superior court issued the following order:

> "Hearing on April 20, 1990 shall be limited to determination of whether Plaintiffs' Appeal may be determined on the record, and if so, oral argument thereon, time not to exceed one hour. If the Court determines that there will be an evidentiary hearing; it will be scheduled at a later date."

The attorneys for the Town and the Estabrookses appeared before the court on April 20, 1990, and the court issued another order the same day. It states: "Parties are to submit memoranda within 30 days, following which case will be submitted for decision. Further argument will be scheduled on request."

The parties each filed a memorandum of law within the stated time limit. Attached to their memorandum, the Estabrookses sent the following letter, dated May 18, 1990, in which they stated that:

> "The plaintiffs would like to present all arguments and some limited testimony from Mr. Donald Straw. If Attorney Donovan [the Town's then-attorney] agrees to accept Mr. Straw's affidavit then the testimony may be unnecessary. In setting up the hearing in this matter please allow adequate time for argument and some limited testimony."

There is no evidence before us that Attorney Donovan agreed to accept Donald Straw's affidavit.

The trial court apparently did not respond in any way to the letter quoted above and issued a final order denying the Estabrookses' appeal on August 24, 1990. The Estabrookses then filed a motion for reconsideration, arguing that the court erred in failing to allow an evidentiary hearing, and that this error prevented them from presenting material testimony relating to an important issue in the case. The court denied the motion for reconsideration, and this appeal followed.

On appeal, the Estabrookses reiterate the arguments they made below. The Town maintains that the court acted properly and that the Estabrookses simply misinterpreted the court's April 20, 1990 order. According to the Town, the order meant that an evidentiary hearing would be scheduled "on request" of the court, not the parties. We disagree.

The statutes governing the presentation of evidence during an appeal from a ZBA decision are RSA 677:10 and :13. RSA 677:10 reads:

"All evidence transferred by the zoning board of adjustment or the local legislative body shall be, and all additional evidence received may be, considered by the court regardless of any technical rule which might have rendered the evidence inadmissible if originally offered in the trial of an action at law."

RSA 677:13 states that "[t]he court may take evidence or appoint a referee to take such evidence as it may direct and report the same with his findings of fact and conclusions of law." We have interpreted these statutes to mean that "[i]f the record of the evidence before the board is either incomplete or non-existent, a party may present further evidence to the trial court." *Lake Sunapee Protective Assoc. v. N.H. Wetlands Bd.*, 133 N.H. 98, 107, 574 A.2d 1368, 1373 (1990) (interpreting RSA 677:10); *see also Pappas v. City of Manchester Zoning Bd.*, 117 N.H. 622, 625, 376 A.2d 885, 886 (1977) (interpreting predecessors of RSA 677:10 and :13).

Notwithstanding the Town's argument to the contrary, we understand the trial court's April 20, 1990 order to mean that the court intended to schedule an evidentiary hearing if either party requested one. The words "[f]urther argument will be scheduled on request" do not support the Town's assertion that the court meant to hold a hearing only on *its* request. Further, we find that the Estabrookses' letter of May 18, 1990, contains a clear request for a hearing. The Town does not dispute this.

■■ "Ultimately, 'the test of the validity of a form of procedure is . . . whether or not it is what justice and convenience require.'" *Chasan v. Village District of Eastman*, 128 N.H. 807, 813, 523 A.2d 16, 20 (1986) (quoting *Morrill v. Bank*, 90 N.H. 358, 359, 9 A.2d 519, 522 (1939)) (holding that plaintiffs had opportunity to argue case because they were heard on motion to dismiss and not denied any request to present evidence). The Estabrookses argue in their motion for reconsideration that the court's actions denied them the opportunity to present material evidence. Given the wording of the court's April 20, 1990 order, we find that it was reasonable for the Estabrookses to rely on an opportunity to present evidence orally or through affidavit agreed to by opposing counsel. In addition, the evidence the Estabrookses wished to present appears from their motion for reconsideration to be material, relevant, non-cumulative, and possibly outcome-determinative. We hold, therefore, that under the

particular facts of this case the trial court abused its discretion, and we reverse its final order. *See* RSA 677:10, :13; *Lake Sunapee Protective Assoc. v. N.H. Wetlands Bd.*, 133 N.H. at 107, 574 A.2d at 1373; *Pappas v. City of Manchester Zoning Bd.*, 117 N.H. at 625, 376 A.2d at 886.

*Reversed and remanded.*

All concurred.