Strafford
No. 7202

ANTHONY ALCORN & *a.*

v.

CITY OF ROCHESTER ZONING BOARD OF ADJUSTMENT

June 30, 1975

*McManus & Johnson ( Mr. Anthoney McManus* orally) for the plaintiffs.

*Joseph P. Nadeau* and *Willaim B. Cullimore* for the defendant, filed no brief.

PER CURIAM. In *Alcorn v. Rochester Zoning Board of Adjustment*, 114 N.H. 491, 322 A.2d 608 (1974), which was an appeal from the denial of a variance, this court remanded the matter to the board of adjustment for a clarification of the grounds upon which the variance was denied so that the plaintiffs would not be denied their right of appeal. This decision was handed down on July 19, 1974. On July 22, 1974, by letter, counsel for the plaintiffs wrote counsel for the defendant seeking a resolution of the matter. After a period of inaction on the part of the board and at the suggestion of the board's counsel, a request was made directly to the board on October 1, 1974, wherein counsel for the plaintiffs sought compliance with our order. To this date there has been no response from the board.

Plaintiffs filed a motion for judgment in the superior court which was denied by *Mullavey*, J., who transferred plaintiffs' exceptions.

In spite of repeated efforts on the part of the plaintiffs to obtain compliance with our remand, almost a year has elapsed and the board has not yet complied. Although two vacancies on the board were to be filled at the August 6, 1974 meeting of the city council, no reason appears why, before that time, the board could not have articulated its reasons for the denial of plaintiffs' application. Nor does there appear to be any reason why the board could not have done so after the vacancies were filled. Counsel for the plaintiffs offered to make an additional presentation by letter of August 6, 1974, to the board with its new membership. The same offer was made by letter dated October 1, 1974. The record before us shows no response by the board to those offers. The inaction by the board strongly suggests that no reasons exist for the denial of the variance. Accordingly, unless within sixty days the board complies with the remand ordered in *Alcorn v. Rochester Zoning Board of Adjustment*, 114 N.H. 491, 495, 322 A.2d 608, 610 (1974), the plaintiffs' appeal is sustained.

*Remanded.*

Request of Governor and Council
No. 7254

OPINION OF THE JUSTICES

July 15, 1975

The following resolution was adopted by the Governor and Council on June 25, 1975, and filed with the supreme court on June 26, 1975:

"WHEREAS, under RSA 12-A:3 the Commissioner of Resources and Economic Development 'shall nominate for appointment by the governor and Council . . . a director of economic development . . . [who] shall serve subject to the provisions of RSA 4:1';

"WHEREAS, under RSA 4:1 'the appointing authority of such official may petition the governor and council for his removal';

"WHEREAS, the Commissioner of Resources and Economic Development has concluded that the present Director of Economic Development should be removed from office;

"WHEREAS, the provisions of RSA 4:1 govern the procedure in accordance with which any such removal must be executed;

"WHEREAS, the question has arisen whether 'the appointing authority' of the Director of Economic Development, within the meaning of RSA 4:1, is the Commissioner of Resources and Eco-

nomic Development or the Governor and Council;

"WHEREAS, if proceedings under RSA 4:1 should be initiated against the Director of Economic Development, the Governor and Council wish proceedings thereof to be consonant with the applicable statutes as well as with their obligations to afford due process of law to any respondent in a proceeding brought under RSA 4:1, and

"WHEREAS, this question is an important one with significance for the operation of the executive branch of the government, and thus creates, by its pendency before the Governor and Council, a solemn occasion;

"NOW, THEREFORE BE IT RESOLVED that the Governor and Council ask the Honorable Justices of the Supreme Court for their opinion in answer to the question, who is the "appointing authority," within the meaning of RSA 4:1, of the Director of Economic Development;

"AND BE IT FURTHER RESOLVED that the Secretary of State transmit forthwith ten copies of this resolution to the Clerk of the Supreme Court."

The following answer was returned:

*To His Excellency the Governor and the Honorable Council:*

Your resolution presents to this court the question whether the Governor and Council or the commissioner of resources and economic development is the "appointing authority" of the State director of economic development, as that term is used in RSA 4:1. *See* RSA 12-A:2 (Department of Resources and Economic Development: Commissioner), :3 (Director of Divisions).

Insofar as it pertains to the issue before the court, RSA 4:1 (Powers of the Governor and Council: Removal of Public Officers for Cause) provides that "no official of the state outside of the state classified service shall be discharged or removed except by the governor and council for malfeasance, misfeasance, or inefficiency in office, or incapacity or unfitness to perform his duties, or for the good of the department, agency or institution to which he is assigned. The attorney-general, or the appointing authority of such official may petition the governor and council for his removal, setting forth the grounds and reasons therefor ...." In *Barry v. King,* 106 N.H. 279, 281, 210 A.2d 161, 162 (1965), this court decided that "[u]nder RSA 4:1 the Governor and Council

may remove public officers for cause after public hearing and due notice of the charges preferred." *See Summers v. Town of Exeter,* 114 N.H. 841, 843, 330 A.2d 120, 121 (1974).

RSA 12-A:3 stipulates that the "commissioner (of resources and economic development) shall nominate for appointment by the governor and council a . . . director of economic development . . . (who) shall serve, subject to the provisions of RSA 4:1 . . . ." Whether the Governor and Council or the commissioner of resources and economic development is the "appointing authority" contemplated by RSA 4:1 depends upon the definition of that term and upon an interpretation of the specific language used in RSA 12-A:3. The phrase "appointing authority" generally denotes the power to designate a person to occupy and to discharge the duties of an office or a position. *See McAdams v. Barbieri,* 143 Conn. 405, 417, 123 A.2d 182, 188 (1956); *State v. Ferguson,* 142 Ohio 496, 504, 52 N.E.2d 980, 984 (1944).

RSA 12-A:3 states that the commissioner of resources and economic development "shall nominate for appointment by the governor and council" a director of economic development. While the terms "nominate" and "appoint" may be synonymous under some circumstances *(See, e.g., Wilson v. Stump,* 310 Mass. 614, 617, 39 N.E.2d 416, 418 (1942)), the use of these two words in RSA 12-A:3 gives them each different meanings. As used in the statute "nominate" means to propose a candidate for appointment. *Fiscella v. Nulton,* 22 N.J. Super. 367, 375, 92 A.2d 103, 107 (1952); *State v. Barker,* 113 Fla. 865, 868, 152 So. 682, 683 (1934). The "appointment" envisioned by RSA 12-A:3 is the act of exercising the executive authority to officially place a nominee in office, thereby conveying to him the title and all of the incidents of office. *See Marbury v. Madison,* 5 U.S. (1 Cranch) 137, 156-57 (1803).

Under the express language of RSA 12-A:3 the commissioner of resources and economic development shall "nominate", whereas the Governor and Council "appoint". The functions are distinctly separate and interdependent ones. The commissioner of resources and economic development has no authority to appoint the director of economic development; he only has the power to nominate for appointment. While the Governor and Council have the powers to appoint and to remove the director of economic development, they do not have the capacity to nominate for appointment. RSA 4:1; *see Withrow v. Larkin,* 421 U.S. 35, 46-53 (1975). Both generally recognized definitions and the language of RSA 12-A:3 compel the conclusion that the Governor and Council

constitute the "appointing authority" of the director of economic development.

FRANK R. KENISON
LAURENCE I. DUNCAN
EDWARD J. LAMPRON
WILLIAM A. GRIMES
ROBERT F. GRIFFITH

July 15, 1975.

Warren B. Rudman, attorney general, and Edward A. Haffer, assistant attorney general, filed memorandum of law.

Sheehan, Phinney, Bass & Green, by James E. Higgins, filed memorandum of law.