Rockingham,
No. 4674.

ROCKINGHAM HOTEL COMPANY *v.* NORTH HAMPTON.

Argued November 6, 1958.

Decided November 28, 1958.

442

*Boynton, Waldron & Dill (Mr. Waldron* orally), for the plaintiff.

*William W. Treat* (by brief and orally), for the defendant.

DUNCAN, J. The plaintiff's appeal from the order of the board of inspectors denying permission to erect a billboard sought a variance under RSA 31:72 III, and alleged that the ordinance is invalid and unconstitutional, in that the provisions forbidding billboards constitute an abuse of the police power and a taking of the plaintiff's property without compensation. The appeal further alleged that the ordinance is unconstitutional because discriminatory, since other property owners may be permitted to erect signs of unlimited size to advertise businesses conducted upon premises where the signs are erected. The plaintiff's appeal to the Superior Court from the order of the zoning board of adjustment raises the same constitutional issues.

By virtue of RSA 31:78 the plaintiff has the burden of establishing that the order of the board of adjustment is "unreasonable or unlawful"; and the order is not to be vacated by this court unless the court is persuaded that it is "unjust or unreasonable." *Carrick* v. *Langtry,* 99 N. H. 251; *Keene* v. *Parenteau,* 99 N. H. 415.

The ordinance in question was adopted by the town and first became effective on September 17, 1946. It divided the town into two districts, the "Little Boar's Head Zoning District" which has its own zoning ordinance (Laws 1937, c. 265), and a "Rural Zoning District." By later amendment a third district was created, designated as "Residential Zoning District 'A'."

The premises leased by the plaintiff are in the rural zoning district and consist of a small triangular tract bounded by the

Seabrook-Portsmouth toll road, a small brook, and a fence. Section V of the ordinance provides in part: "B. Signs and Billboards Restricted. The following provisions shall apply to billboards and signs in the Rural Zoning District: 1. No billboard not existing at the time of the adoption of this ordinance or during the year preceding its adoption shall be permitted." Subsection B 3 of the same section (s. V) provides as follows: "3. No sign, banner, or other advertising medium not expressly permitted in the foregoing paragraphs and no sign over twelve (12) square feet in area may be erected unless the Board of Zoning Inspectors shall rule that the same in the given case and location and under the conditions specified in the permit therefor is not injurious, offensive or detrimental to the neighborhood."

Among the provisions which precede the quoted one is subsection A 1, which permits in the Rural Zoning District: "Signs pertaining to the lease, sale, or use of the land or building on which placed, including signs advertising products or articles sold on the premises."

The board of zoning inspectors denied the plaintiff a permit because of the provisions of subsection B 1. In denying the plaintiff's appeal from this decision, the zoning board of adjustment stated that it found "no grounds for a variance."

The agreed statement of facts discloses that the proposed billboard would exceed twelve square feet in area. It would face northbound traffic on the toll road and would advertise the hotel which the plaintiff operates in Portsmouth. It would face none of the town roads, although it would be within fifty feet of the Post Road which passes over the toll road just north of the sign. The nearest house, excluding that of the lessor, is at least 400 feet distant.

It is also agreed that a sign at least eight by sixteen feet in dimensions is maintained by a lumber company on premises on Route 1 in the town, advertising lumber and materials sold on the premises.

In attacking as unconstitutional the provision of section V, B 1 of the ordinance which prohibits billboards in the rural zoning district, the plaintiff relies upon cases such as *Varney & Green* v. *Williams*, 155 Cal. 318, holding unconstitutional an ordinance prohibiting billboards within a municipality excepting those which advertise businesses conducted on the same premises. The plaintiff urges that section V, B 1 of the North Hampton ordinance is a like

prohibition, and should be held unconstitutional for the same reasons.

Unlike the ordinance considered in the cited case however, the ordinance before us is a comprehensive zoning ordinance; and the prohibition contained in the section complained of must be considered with reference to other provisions of the same ordinance. *Hall* v. *Brusseau,* 100 N. H. 87. See anno. 58 A. L. R. (2d) 1314, 1330.

Under section V, B 3, a sign which does not advertise products sold on the premises, and a sign which is more than twelve square feet in area, may be permitted if it is found that under existing circumstances the sign will not be "injurious, offensive, or detrimental to the neighborhood." Similarly such a sign may be permitted as provided by RSA 31:72 III if circumstances warrant a variance from the literal terms of the ordinance. See *Gelinas v. Portsmouth,* 97 N. H. 248, 250.

Construing the ordinance as a whole, the applicable provisions of section V, B 1 are not unconstitutional. *Sundeen* v. *Rogers,* 83 N. H. 253; *United Advertising Corp.* v. *Borough of Raritan,* 11 N. J. 144; *Murphy, Inc.* v. *Westport,* 131 Conn. 292; *General Outdoor Adv. Co.* v. *Dept. Pub. Works,* 289 Mass. 149. The burden imposed upon the plaintiff (RSA 31:78, *supra*) of overcoming the presumption which favors the validity of the ordinance has not been sustained. *Murphy, Inc.* v. *Westport, supra,* 302, 303. We cannot say that the provisions in question have no rational tendency to promote the safety and general welfare of the community or to conserve property values throughout the municipality. RSA 31:60, 62. *Stone* v. *Cray,* 89 N. H. 483, 485; *Welch Co.* v. *State,* 89 N. H. 428, 432, 434. Nor is it necessarily "arbitrary and unreasonable for a residential village to pass an ordinance preserving its residential character, so long as the business and industrial needs of its inhabitants are supplied by other accessible areas in the community at large." *Valley View Village* v. *Proffett,* 221 F. (2d) 412, 418 (6th Cir. 1955).

According to well established principles, the separate classification, as a permitted use, of signs advertising businesses conducted upon the premises where the signs are located, as against a prohibited use of like signs advertising products or services available in other locations, is a reasonable classification which does not as a matter of law produce arbitrary discrimination or deprive the plaintiff of the equal protection of the laws. N. H. Const., Pt. I, *Art.* 12th;

*Murphy, Inc.* v. *Westport, supra,* 303, 304; *General Outdoor Adv. Co.* v. *Dept. Pub. Works,* 289 Mass. 149, *supra,* 212; *Landau Advertising Co.* v. *Zoning Board of Adjustment,* 387 Pa. 552; *Criterion Service Inc.* v. *East Cleveland,* 152 Ohio St. 416, *affirming* 88 N. E. (2d) 300.

Accordingly we are of the opinion that the provisions of the zoning ordinance of North Hampton which the plaintiff questions are constitutional and therefore valid and enforceable.

*Remanded.*

All concurred.