Rockingham
No. 6699

OWEN W. LAWLOR

v.

TOWN OF SALEM

February 27, 1976

*John B. Ford,* by brief and orally, for the plaintiff.

*Soule & Leslie (Mr. Lewis F. Soule* orally) for the defendant.

LAMPRON, J.   Appeal of a decision of the Salem Board of Adjustment, nullifying a permit issued by the Salem building inspector, which allowed plaintiff to place a house trailer on a certain lot of land in that town. The case was submitted to a Master *(Leonard C. Hardwick,* Esq.) on an agreed statement of facts. His recommendation that the appeal be dismissed was accepted by the Trial Court *(Morris,* J.) who reserved and transferred plaintiff's exceptions. The sole issue presented is whether there has been an abandonment of a nonconforming use to place a house trailer on the premises in question.

The case was tried on an agreed statement of facts which are as follows: Prior to 1961, one Cousins owned and inhabited a house trailer located on certain property on Bus Road in the town of Salem. In 1961, the town of Salem adopted a zoning ordinance which made the area encompassing the property on which the trailer was situated a residential area, excluding mobile homes.

However, any prior nonconforming uses, such as Cousins' trailer, were allowed to continue. Subsequent to 1961, Cousins mortgaged the trailer and the premises to the Salem Cooperative Bank, and sometime in 1964 or 1965, he left the premises. The trailer remained vacant from that time until it was removed by the town in 1969, after it had acquired the deed to the premises pursuant to a tax collector's sale. However, the town failed to serve notice of the sale on the mortgagee bank. At the time of its removal, the trailer had become vandalized and uninhabitable.

The bank subsequently foreclosed its mortgage and, on March 23, 1971, sold the premises to the plaintiff Lawlor, who was aware of all the foregoing. Mr. Lawlor applied for and obtained a building permit from the building inspector, allowing him to place a trailer upon the land. Two abutters appealed that decision to the board of adjustment, which, on June 1, 1971, after a hearing, granted the appeal nullifying the permit. Mr. Lawlor requested a rehearing, which was denied, and he then appealed to the superior court. The case was tried before a Master *(Leonard C. Hardwick,* Esq.), who upheld the decision of the zoning board of adjustment, finding that plaintiff's predecessors in title had abandoned their right to continue the maintenance of that trailer in a residential zone as a prior nonconforming use. His report was approved by the Superior Court *(Morris,* J.), and plaintiff duly excepted and entered this appeal.

Plaintiff initially contended that the failure of the zoning board of adjustment to act on his petition for rehearing within ten days resulted in the reinstatement of the building permit issued by the building inspector. He properly waived this contention at oral argument as Article XI H of the Salem Zoning Ordinance specifically provides that the failure of the board of adjustment to act within ten days is deemed a denial of the petition.

Plaintiff's sole contention therefore is that on the agreed facts there has been no loss of the original nonconforming use to maintain a house trailer on the premises. This right acquired by a prior owner was valid so long as it was continued *(Arsenault v. Keene,* 104 N.H. 356, 358-59, 187 A.2d 60, 62 (1962)), but it could be lost by abandonment. 1 R. Anderson, American Law of Zoning § 6.58 (1968). Abandonment depends upon the concurrence of two factors: (1) an intention to abandon or relinquish the use, and (2) some overt act or failure to act which carries the implication that the owner neither claims nor retains any interest in the use. See *A.T. & G., Inc. v. Zoning Bd.,* 113 R.I. 458, 463, 322 A.2d 294, 297

(1974). The decisive test is whether the circumstances surrounding such cessation of use are indicative of an intention to abandon the use and the vested rights therein. 2 A. Rathkopf, The Law of Zoning and Planning § 61-3 (3d ed. 1972); *see* Annot., 57 A.L.R.3d 279, § 6(a), (b) (1974).

The parties agreed that the prior owner vacated the trailer in 1964 or 1965 and allowed it to remain vacant until 1969 when it was removed and destroyed by the town. The trailer had been left so unattended that it became the subject of vandalism and was damaged beyond repair during those four or five years. The master found and ruled that this evidenced an intent to surrender the right of nonconforming use and constituted an abandonment of that right. We hold that the evidence supports the master's findings and rulings. *Rockingham Hotel Co. v. North Hampton,* 101 N.H. 441, 146 A.2d 253 (1958).

*Appeal dismissed.*

All concurred.