PAUL CARBONNEAU

v.

TOWN OF RYE & a.

February 14, 1980

*Nadeau P.A.*, of Portsmouth (*James P. Nadeau, Jr.*, orally), for the plaintiff.

*Tetler & Holmes*, of Hampton (*Gary W. Holmes* orally), for the defendant.

BOIS, J.   The plaintiff appeals from an order of the Town of Rye Zoning Board of Adjustment denying his request for a building permit. The issues raised on appeal are whether the denial was arbitrary and contrary to the weight of the evidence, and whether § 14-C(3) of the Rye Zoning Ordinance is void for vagueness. After the appeal was docketed in this court, the plaintiff filed a motion to continue the appeal and to remand for further proceedings in the trial

court on the basis of "newly discovered evidence." We deny the motion and overrule the plaintiff's exceptions.

The plaintiff purchased a one acre lot in Rye on June 13, 1975. The lot is located on a residential street and lies below grade level in its undeveloped state. The plaintiff intended to construct a residence on the lot and hired a qualified engineer to design plans for a septic and surface water drainage system. The drawn plans were subsequently approved by the New Hampshire Water Supply and Pollution Control Commission in the Fall of 1975. The plaintiff then applied for a building permit from the Town of Rye Building Inspector, which was denied on November 6, 1975. The building inspector relied upon § 14-C(3) of the Rye Zoning Ordinance, prohibiting uses "injurious, noxious, or offensive to the neighborhood," as authority for his denial of the plaintiff's application.

On January 12, 1976, the plaintiff appealed the decision of the building inspector to the Rye Board of Adjustment. Following a hearing on February 3, 1976, the board denied the appeal. The plaintiff then petitioned for a rehearing and orally presented a second septic system and drainage plan before the board on March 2, 1976. The board of adjustment refused to consider the new design because the second plan had not been reviewed by the building inspector. Accordingly, it upheld the original decision and denied the motion for rehearing. The plaintiff appealed pursuant to RSA 31:77, and after a hearing on June 12, 1978, the Master (*Mayland H. Morse, Jr.*, Esq.) recommended dismissal of the appeal. On August 7, 1978, the Trial Court (*Bean*, J.) approved the master's recommendations and upheld the decision of the board of adjustment. The plaintiff's exceptions were reserved and transferred by *Contas*, J.

The plaintiff first argues that the Rye Board of Adjustment's denial of a building permit was arbitrary and contrary to the weight of the evidence. There was conflicting testimony below, however, regarding the effects that the plaintiff's proposed development would have on surface water drainage and aesthetic changes in the area. The town was particularly concerned that the plaintiff's septic system might restrict the outflow from the town's drainage because of the tidal effect of the adjacent marsh and because the catch basins in that area were known to back up and flood the road during unusually high tides. The zoning board of adjustment concluded that the proposed system for surface water drainage coupled with the damming effect of the proposed six-foot elevated leach field would have an adverse effect on the general area drainage and an injurious effect on the neighborhood.

We hold that the presumption imposed by RSA 31:78 that findings of the zoning board are lawful and reasonable has not been

overcome. We are not persuaded by a balance of probabilities that the order is unjust or unreasonable, or that it contains an error of law. *Ouimette v. City of Somersworth*, 119 N.H. 292, 294, 402 A.2d 159, 161 (1979); *Rowe v. Town of Salem*, 119 N.H. 505, 507, 403 A.2d 428, 429 (1979); *Cook v. Town of Sanbornton*, 118 N.H. 668, 670, 392 A.2d 1201, 1202 (1978).

■ The plaintiff next argues that § 14-C(3) of the Rye Zoning Ordinance is void for vagueness. That section provides that there shall not be permitted in any district "any use or thing which is injurious, noxious or offensive to the neighborhood." The plaintiff argues that this language fails to adequately apprise one of the standards to be used in determining whether a proposed use is permissible. We have previously found that similar language furnishes a sufficient criterion for the guidance of individuals and boards of adjustment. *See Town of Bethlehem v. Robie*, 111 N.H. 186, 278 A.2d 345 (1971) ("detrimental or injurious" found valid); *State v. Dean*, 109 N.H. 245, 248 A.2d 707 (1968) ("detrimental or offensive" found valid); *Rockingham Hotel Co. v. Town of North Hampton*, 101 N.H. 441, 146 A.2d 253 (1958) ("injurious, offensive, or detrimental" found valid). We are not inclined to hold differently here.

■ The plaintiff argues that the court erred in admitting expert evidence offered by the defendant on the issue of the effect on drainage of the proposed septic system. He admits, however, that there is statutory law and case law to support the court's action. We agree with the plaintiff's admission and reject his argument. *See* RSA 31:82; 31:85; *Win-Tasch Corp. v. Town of Merrimack*, 120 N.H. 6, 411 A.2d 144 (1980); *Pappas v. City of Manchester Zoning Bd.*, 117 N.H. 622, 625, 376 A.2d 885, 886 (1977); *Conery v. Nashua*, 103 N.H. 16, 21, 164 A.2d 247, 250 (1960).

■■ The plaintiff finally argues that a report by the Army Corps of Engineers dated May 14, 1979, regarding the subject property is "newly discovered evidence" that warrants a remand to the trial court for further consideration. A case may be continued in this court and remanded whenever we conclude from the briefs or oral arguments that it is necessary to complete the record or prevent injustice. *Rautenberg v. Munnis*, 107 N.H. 446, 448, 224 A.2d 232, 233 (1966). However, we do not reach such a conclusion here. Nor do we think it probable that a different result would be reached upon another trial. *See* RSA 526:1; *Burroughs v. Wynn*, 117 N.H. 123, 126, 370 A.2d 642, 644 (1977); *Rautenberg v. Munnis*, 109 N.H. 25, 26, 241 A.2d 375, 376 (1968). We conclude, therefore, that a remand is not warranted.

We note that Rye's attorney has indicated that the town has not foreclosed the possibility of issuing a building permit to the plaintiff. He also indicated that there are alternatives to the plaintiff's proposed septic system, but that the town is "not in the business of telling [the plaintiff] what to do so that he can get approval, he has engineers." The plaintiff has been attempting to develop his land since he purchased it four and one-half years ago. We remind the town that it is their function to provide assistance to all their citizens. *See* N.H. CONST. pt. 1, art. 1. We strongly suggest that the town of Rye quickly get "in the business" of attempting to negotiate a workable plan acceptable to both parties. The town's apparent unwillingness to engage in such discussions to date leads us to question seriously whether it is dealing in good faith.

*Motion denied; plaintiff's exceptions overruled.*

All concurred.