Rockingham
No. 79-308

JOHN W. SAVAGE & a.

v.

TOWN OF RYE

June 12, 1980

*Upton, Sanders & Smith,* of Concord (*Gary B. Richardson* orally), for the plaintiffs.

*Peter J. Loughlin,* of Portsmouth, by brief and orally, for the defendant.

BROCK, J. This is a petition for declaratory judgment and a petition for mandamus arising out of the alleged failure of the Rye Planning Board to approve or disapprove the plaintiffs' subdivision application within ninety days of the plaintiffs' application. RSA 36:23 (Supp. 1979). The Superior Court (*Mullavey,* J.) found for the defendant town of Rye, and the plaintiffs then filed a notice of appeal in this court. We reverse.

On August 29, 1978, the plaintiffs, John and Helen Savage, submitted an application for subdivision approval to the Rye Planning Board. The plan accompanying the application was a

paper copy of a topographical plan. According to section VI, A, of the Subdivision Control Regulation of Rye, the final plan must be submitted on tracing cloth and marked with india ink.

The plaintiffs' application was considered at the September meeting of the board, but no final action on it was taken. Following that meeting, the plaintiffs retained an attorney. Prior to the board's next meeting, the plaintiffs revised the plan to show a right of way across one of the lots, providing access to two of the other lots from West Road.

On October 10, 1978, the board met again and expressed concern regarding the extent to which the subdivision included land classified as wetlands. At that point, the plaintiffs' attorney requested an opportunity to present a soil scientist to discuss soil and drainage conditions. Prior to the next meeting in November, however, the board learned that the plaintiffs would not produce the soil scientist as originally intended. The board met again in November and December, but took no final action on plaintiffs' application. Finally, by letter dated January 9, 1979, the plaintiffs' attorney requested that the town certify the board's failure to act on the matter within the ninety-day deadline imposed by RSA 36:23 (Supp. 1979). Because the town had failed to specify the officer responsible for issuing such certificates, the plaintiffs' attorney sent duplicates of his demand to the selectmen, the building inspector and the planning board. The town failed to respond to this demand and the plaintiffs brought this action in superior court seeking a declaratory judgment that the board failed to act within ninety days and seeking a mandamus to require the town to certify that the board had failed to act within ninety days. Under RSA 36:23 (Supp. 1979), once such a certificate is signed by the appropriate town officer, the plaintiffs may record their subdivision plan at the registry of deeds without the written endorsement of approval by the planning board.

The trial court ruled that the ninety-day limit imposed on the board under RSA 36:23 (Supp. 1979) does not begin to run until a plan is submitted to it in "the manner required by the applicable subdivision regulations and where the board has subsequently accepted the plat." Applying that criterion, the trial court ruled that the ninety-day period never commenced to run because the plaintiffs' plan was improperly submitted on a paper copy rather than on tracing cloth marked with india ink. Apparently, the trial court also ruled that the board must accept the plan as a proper filing before the ninety-day period begins to elapse. These rulings cannot stand.

RSA 36:23 (Supp. 1979) provides in pertinent part:

> The planning board shall place on its agenda for consideration *any plat* submitted to it within 30 days and shall act to approve or disapprove thereof within 90 days . . . otherwise such plat shall be deemed to have been approved . . . . In case of disapproval of any plat submitted, *the ground for such disapproval shall be adequately stated upon the records of the planning board.*
> . . .

(Emphasis added.)

■ The language of the statute is clear. The board has ninety days to act on *any plat* submitted to it and must state its reason for disapproval upon the record. If the applicant's filing is improper in form, the board has ninety days to disapprove it and must state that reason on the record. To hold otherwise would result in nullifying the obvious, clearly expressed legislative intent that applicants for subdivision approval receive a speedy review and determination of their application. *See Dearborn v. Milford,* 120 N.H. 82, 85–86, 411 A.2d 1132, 1134 (1980). Under the defendant's interpretation of the statute, the board would be under no duty to either review the plaintiffs' application or inform them of the reasons for its inaction. Not only is such a reading in direct contravention of the statute, but it is also in violation of N.H. Const. pt. 1, art. 1; *Carbonneau v. Rye,* 120 N.H. 96, 411 A.2d 1110 (1980). In *Carbonneau,* decided only two weeks prior to the oral argument of the present case, we reminded the towns in this State, Rye in particular, that it is "their function to provide assistance to all their citizens." *Id.* This measure of assistance certainly includes informing applicants not only whether their applications are substantively acceptable but also whether they are technically in order.

In fairness to the board, we note that the town's attorney has represented to this court that the board now engages in "preapplication review" proceedings when applicants indicate a desire to work with the board prior to the submission of a final application. We endorse this type of procedure as it indicates a desire on the part of the board to assist applicants and to work out whatever problems may exist with respect to various subdivision plans.

■ ■ The board also argues, however, that the plaintiffs'

revision of the plan prior to the board's October 10, 1978 meeting, and the plaintiffs' request to be allowed to present a soil scientist, operated to suspend the running of the ninety-day period. This argument has some merit. *See Allard v. Thalheimer*, 116 N.H. 299, 300, 358 A.2d 395, 396 (1976). It is possible for such a revision to result in a new filing date for the purposes of RSA 36:23. *See id.* In this case, however, even if the trial court had found the revision to constitute a new filing, it would be of no avail to the board. It is undisputed that the revised plan was before the board on October 10, 1978. The plaintiffs' attorney did not demand a certificate of failure to approve or disapprove from the town until January 9, 1979, ninety-two days after the October 10 meeting. It is also clear that the board was informed that the plaintiffs no longer intended to produce a soil scientist prior to its next meeting in November 1978. The board, therefore, could have approved or disapproved of the plan at its November meeting or at any other time prior to January 7, 1979, which was ninety days after its October 10, 1978 meeting. Because the board failed to approve or disapprove the plaintiffs' application within ninety days, the town must certify this failure on the plaintiffs' plan, RSA 36:23 (Supp. 1979), within thirty days from the date of this opinion. So ordered.

*Judgment for the plaintiffs.*

All concurred.