# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2021-0313, <u>Appeal of Clinton Johnson & a.</u>, the court on September 29, 2022, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). The petitioners, Clinton Johnson and Cynthia Johnson, challenge a decision of the New Hampshire Wetlands Council (Council) to dismiss their administrative appeal of a permit issued by the New Hampshire Department of Environmental Services (DES) on the basis that the petitioners had not served the appeal upon entities entitled to service under the Council's rules. <u>See</u> RSA 482-A:3 (2013), :10 (Supp. 2021); RSA 21-O:14 (2020). We reverse and remand.

RSA chapter 541 governs our review of Council decisions. <u>See</u> RSA 21-O:14, III. Under RSA 541:13 (2021), we will not set aside the Council's decision except for errors of law, unless we are satisfied, by a clear preponderance of the evidence, that it is unjust or unreasonable. The Council's findings of fact are presumed <u>prima</u> <u>facie</u> lawful and reasonable. RSA 541:13. In reviewing the Council's findings, our task is not to determine whether we would have found differently or to reweigh the evidence, but rather, to determine whether the findings are supported by competent evidence in the record. <u>Appeal of Cook</u>, 170 N.H. 746, 749 (2018). We review the Council's rulings on issues of law <u>de novo</u>. <u>Id</u>.

RSA 482-A:10 governs an appeal of a permit issued by DES under RSA 482-A:3. Under RSA 482-A:10, III, "[a]n appeal from a decision . . . under RSA 482-A:3 . . . shall be filed in accordance with the applicable provisions of RSA 21-O:14 and rules adopted by the council pursuant to RSA 541-A regarding the number of copies to be filed, the address to which the notice of appeal must be sent or delivered, and the method of delivery." RSA 482-A:10, III. No provision of either RSA 482-A:10 or RSA 21-O:14 requires the party filing an appeal to the Council to serve any specific persons with the appeal.

In this case, the petitioners certified that they had served their appeal upon the Council and upon the applicant. The Council rejected the appeal for certain procedural defects, including a lack of "a certification that copies of the notice of appeal were delivered to all persons as required by Env-WtC 203.01(e)." The Council did not specify, however, any parties who were entitled to notice who had been omitted. The Council gave the petitioners thirty days to revise their appeal. In response, the petitioners filed a revised appeal that included a certification that they had served the Council, the applicant, and

the applicant's trustee.  In dismissing the revised appeal, the Council ruled that the "certified list does not include all parties required to be provided a copy of the petition for appeal" under N.H. Admin. R., Env-WtC 203.01(e), but again did not specify any parties entitled to service whom the petitioners had omitted.

The petitioners moved to reconsider, asserting, in part, that they had "sought the assistance from the Wetlands Council's staff regarding procedures and thought all rules and requirements had been followed and that all of the appropriate parties had been notified."  The petitioners attached a new certificate of service that added entities who had been copied on DES's decision to grant the permit, including the petitioners' own engineer, the applicant's contractor, and a municipal commission that, according to DES's decision, had "indicat[ed] that [it] waived the right to intervene in the review of the application."  The petitioners represented that they had served these entities with their original appeal, the Council's decision dismissing it, and their motion to reconsider.

In denying the motion for reconsideration, the Council found that the petitioners had "fail[ed] to timely notify required parties who were copied on the decision (Env-WtC 201.03 (e))," specifically identifying the three parties, referenced above, whom the petitioners had added to the certificate of service filed with their motion for reconsideration.  We construe the basis for the Council's dismissal to be that the three parties it had identified had been "copied on" DES's "decision" to grant the permit, and that Env-WtC 203.01(e) requires a party appealing a permit to provide notice of the appeal to any person "copied on" DES's decision to grant the permit.  With respect to the petitioners' assertion that they had "sought the assistance from the Wetlands Council's staff," the Council stated that its "appeals clerk's assistance is limited to citing rules and indicating where rules can be found," and that its clerk "does not provide legal advice."

Contrary to the Council's ruling, Env-WtC 203.01(e) does not require a party appealing a DES decision to grant a permit under RSA chapter 482-A to serve any party "copied on" DES's decision to grant the permit.  Rather, it requires the appealing party to serve "each person who is listed on the copy list on . . . [t]he decision on reconsideration issued by" DES.  N.H. Admin. R., Env-WtC 203.01(e)(1) (emphasis added).  Consistent with RSA 482-A:10, I, which no longer requires a party appealing a decision of DES on a permit application under RSA 482-A:3 to first seek reconsideration from DES, see Laws 2013, 43:2, the petitioners here appealed DES's decision to grant the permit, not a "decision on reconsideration" of the permitting decision.  Moreover, to the extent that the Council construes the phrase, "decision on reconsideration" in Env-WtC 203.01(e), in light of its incongruity with RSA 482-A:10, I, to mean "decision on the permit application," notifying the appellants of its interpretation prior to dismissing the appeal would not have constituted the

2

provision of "legal advice." Rather, it would have constituted the provision of proper assistance to citizens regarding the technical requirements of a facially ambiguous appeal rule. Cf. Savage v. Town of Rye, 120 N.H. 409, 411 (1980) (holding that a municipal planning board is obligated under Part I, Article 1 of the State Constitution to assist its citizens by notifying them whether an application is technically in order). Under the circumstances of this case, we conclude that the Council erred as a matter of law by dismissing the petitioners' appeal for failing to timely serve parties copied on DES's decision to grant the permit, and we reverse and remand for proceedings consistent with this order.[1]

Reversed and remanded.

Hicks, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,
Clerk**

---

[1] Although the petitioners did not raise this argument in their motion for reconsideration with the Council, we likewise conclude that good cause exists to allow the petitioners to raise the argument. See RSA 541:4 (2021).